ON PETITION FOR REHEARING
DOWNEY, Judge.
The State in its petition for rehearing points out that the trial court instructed the jury that it could find appellant guilty of petit theft, a second degree misdemeanor. The State goes on to argue that the giving of the petit theft instruction renders the trial court’s failure to give an assault instruction harmless error, since the court presented the jury with an opportunity to find appellant guilty of an offense having the same magnitude as assault.
Our January 28, 1981, opinion did not reflect that the trial court instructed the jury that it could find appellant guilty of petit theft, a second degree misdemean- or. However, the giving of the petit theft instruction does not render harmless the trial court’s refusal to give an assault instruction. While petit theft and assault are offenses of the same magnitude, both being second degree misdemeanors, they are unrelated offenses in that one can occur without the other, depending upon the circumstance of the crime. We adhere to our holding that the trial court acted prejudicially in refusing to give the requested instruction on assault despite the giving of the petit theft instruction, since assault is a lesser included offense of robbery. Although the trial court, by giving the petit theft instruction, afforded the jury one opportunity to invoke its inherent pardon power, the court; by refusing to give the requested instruction on assault, deprived the jury of another opportunity to invoke that power.
Petition for rehearing denied.
RUTTER, WILLIAM, Jr., Associate Judge, concurs.
BERANEK, J., concurs specially, with opinion.